IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jason Charles Bratka, ) | C/A No.: 6:13-321-JFA-KFM |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | ORDER |
| ) | |
| Carolyn W. Colvin, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

The plaintiff, Jason Charles Bratka, brings this action pursuant to § 405(g) of the Social Security Act, as amended, to obtain judicial review of the final decision by the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB).

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be affirmed. The Magistrate Judge provides a detailed discussion of the undisputed and relevant medical evidence and the standards of law which this court incorporates without

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation which was filed on February 21, 2014. The plaintiff has responded with various objections and the Commissioner has replied thereto.

The facts are fully set forth in the decision of the Administrative Law Judge (ALJ) and the administrative record, briefly summarized as follows. The plaintiff first applied for DIB in August 2009 alleging an onset of disability date of May 5, 2007. The ALJ denied the claim and the Appeals Council denied plaintiff's request for review. The plaintiff then sought judicial review of the decision with a complaint filed in this court on February 5, 2013.

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his alleged onset date. At steps two and three, the ALJ found that plaintiff had severe impairments (lumbar degenerative disk disease, status post fusion surgery, hypertension, and diabetes) that did not meet or equal any listed impairment. The ALJ also acknowledged that Plaintiff had mental impairments (anxiety, affective disorder, and substance abuse disorder), but determined that they were not severe. The ALJ then determined that plaintiff had the residual functional capacity ("RFC") to perform light work, except that he could only occasionally climb and balance, could frequently perform other postural activities, and needed to avoid concentrated exposure to hazards. Based on this RFC and the vocational expert's testimony, the ALJ found that plaintiff could not perform any past

relevant work, but that he could perform other jobs that existed in significant numbers in the national economy. Accordingly, the ALJ concluded that plaintiff was not disabled within the meaning of the Act.

In objecting to the Report, the plaintiff has advanced three arguments which are identical to the arguments made to and rejected by the Magistrate Judge. Specifically, plaintiff contends that the ALJ erred in finding the plaintiff's mental impairments caused minimal limitations and were therefore not severe. The Magistrate Judge is of the opinion, after carefully canvassing the record, that substantial evidence supports the determination that the plaintiff's impairments were not severe. Moreover, even if there were error in this determination, the error is harmless because the ALJ nevertheless proceeded to the next steps of the sequential evaluation process and further explained his determination that no mental limitations were warranted. In so doing, the Magistrate Judge made his determination based upon clinical findings of multiple examining sources, including Dr. Sherbondy, Dr. Kistler, and Dr. Atkinson. Plaintiff dismisses these findings as "several isolated comments," but this court has determined that the ALJ justifiably found that the consistent absence of abnormal findings was significant in this case. Both of the state agency psychologists who reviewed the record in this case concluded that the plaintiff's mental impairments were not severe.

The court also agrees with the Magistrate Judge that, even assuming any error in the ALJ's determination regarding severity, that error was harmless because the ALJ nevertheless proceeded to consider the impact, if any, of plaintiff's mental impairments at

subsequent steps of his evaluation.

Plaintiff next takes issue with the weight afforded to the opinion given by Dr. Lupo, plaintiff's treating psychiatrist. Plaintiff contends that the ALJ rejected this testimony because "Dr. Lupo's notes were not sufficiently detailed." As the Commissioner points out in his brief, however, it appears to this court that the ALJ's real concern was not with insufficiently detailed limitations, but with insufficient support or explanation for those details. Lupo had only started seeing the plaintiff four months earlier, had seen him only four times, and included few clinical findings in his treatment notes. Every other examining source of record in this case reported normal mental status findings.

Finally, plaintiff contends that the Magistrate Judge was wrong to defer to the Appeal Council's determination that none of the new evidence plaintiff submitted with his administrative appeal provided a basis for changing the ALJ's decision. Furthermore, as the Magistrate Judge noted, the Appeals Council was not required to explain this determination in further detail. *Meyer v. Astrue*, 662 F.3rd 700, 705 (4th Cir. 2011). Moreover, the Magistrate Judge amply explained why the ALJ's decision remains supported by substantial evidence, even taking the evidence submitted to the Appeals Council into account.

For all the foregoing reasons, the court concludes that the Magistrate Judge's recommended disposition is correct. It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the

Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this court finds the Report is proper and is incorporated herein by reference. Accordingly, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

May 8, 2014  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge

5